UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRELL AUSTIN,

                              Plaintiff,

          v.                                               9:14-CV-0041
                                                               (TJM/ATB)

DAVID ROCK, et. al.,

                              Defendants.

---

APPEARANCES:                                       OF COUNSEL:

DERRELL AUSTIN
96-B-0336
Plaintiff, pro Se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN                LOUIS JIM, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

       Plaintiff pro se Darrell Austin commenced this civil rights action alleging violations of his constitutional rights arising out of his confinement by the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. Presently before the Court is plaintiff's motion for a preliminary injunction and/or temporary restraining order. Dkt.

Nos. 32, 34. Defendant opposes plaintiff's motion.[1]  Dkt. No. 35.

## II.     BACKGROUND

At the time plaintiff filed his complaint, he was incarcerated at Five Points Correctional Facility ("Five Points C.F."). Dkt. No. 1 at 1. The incidents that formed the foundation of the complaint occurred while plaintiff was confined at Upstate Correctional Facility ("Upstate C.F."). *See* Dkt. No. 1 at 4-7. Plaintiff alleged that on December 25, 2012, plaintiff was sexually assaulted by his cellmate. *See id.* at 4. Prior to the sexual assault, plaintiff advised both defendants that he was homosexual and in danger of attack by his cellmate. *See id.* Plaintiff further claimed that defendants retaliated against him after the incident. See id. at 6. In a Decision and Order, the Court granted plaintiff's application to proceed in forma pauperis and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 8. On the basis of that review, the Court directed the defendants, David Rock ("Rock"), Superintendent at Upstate C.F. and Maureen Boll ("Boll"), Deputy Commissioner and Counsel, to file a response to plaintiff's claims. Dkt. No. 8 at 3, 6.

On August 11, 2014, plaintiff notified the Court that he was transferred to Collins Correctional Facility ("Collins C.F."). Dkt. No. 10. On October 7, 2014, plaintiff notified the Court that he was transferred to Clinton Correctional Facility ("Clinton C.F."). Dkt. No. 16. On October 29, 2015, plaintiff notified the Court that he was transferred from Clinton C.F. to Upstate C.F., "where [plaintiff's] injuries took place." *See* Dkt. No. 32 at 1. On October 22, 2015, upon his arrival at Upstate C.F., plaintiff told the "staff" that he was bisexual. *See* Dkt. No. 34-1 at 3. Plaintiff was placed in a double bunk cell with another male inmate and his

---

[1] On September 28, 2015, defendants filed a motion for summary judgment. Dkt. No. 26. That motion is not presently before the Court.

medical needs were "ignored."  *See id.; see also* Dkt. No. 32 at 2.

## III. DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010).  To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).  The district court has wide discretion in determining whether to grant a preliminary injunction.  *Moore*, 409 F.3d at 511.

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly*, 76 F.3d at 482.  "However, the moving party must

3

establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Amaker v. Fischer*, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012) (citation omitted). Conclusory assertions lacking supporting evidence will not support a preliminary injunction. *Hancock v. Essential Resources, Inc*. 792 F.Supp. 924, 928 (S.D.N.Y. 1992).

Plaintiff seeks an order "to enjoin" defendants from retaliating against plaintiff by placing him in a double cell with another male prisoner. *See* Dkt. No. 32 at 2; Dkt. No. 34-1 at 1. The injunction sought is mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

### A. Parties to the Action

As discussed *supra*, the only defendants herein are Rock and Boll. Plaintiff seeks relief from "Superintendent, Mr. Uhler" because Uhler is "David Rock's successor" who "worked under defendant Rock." *See* Dkt. No. 34-1 at 3-4. Plaintiff describes Uhler's actions as "retaliatory in nature." *See id.* at 4. To the extent that plaintiff seeks injunctive relief against persons who are not parties to this in this action (i.e., non-defendants), the Court lacks subject matter jurisdiction to enjoin their actions. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986); *In re Rationis Enter., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted). Consequently,

plaintiff is not entitled to injunctive relief against persons who are not parties to this action.

**B.    Merits**

Plaintiff asks to be "removed from a double cell" to avoid "further harm."  Dkt. No. 32 at 2.  Plaintiff claims that defendants are aware of his "sexuality" and therefore, his confinement in a double cell violates DOCCS Directives.  *See id.*  Plaintiff's fear that he may suffer future risk because he has been placed in a double cell, "knowing [plaintiff's] declared sexuality," is purely speculative and, therefore, patently insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted.  *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury); *see also Agostini v. Backus*, No. 15-CV-6188, 2015 WL 1579324, at *3 (W.D.N.Y. Apr. 9, 2015) (finding that the plaintiff could not claim with any certainty how, when or where he will be retaliated against or that the retaliation will result in irreparable harm).  These claims are too speculative to establish irreparable harm to justify the extraordinary remedy of injunctive relief.

Upon review, the Court finds that plaintiff has not made the showing required for the issuance of mandatory injunctive relief.  Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him.  *See Covino v Patrissi*, 967 F.2d at 73, 77 (2d Cir. 1992).

**C.    Unrelated Relief Related to "Medical Needs"**

While plaintiff does not seek any specific relief related to his medical needs,

5

construing the motion liberally, plaintiff claims that he is being denied medical treatment for his teeth and back.  See Dkt. No. 32 at 2.  "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.  *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing *inter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (finding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action).  The relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint.  *See also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

This portion of the motion for injunctive relief is wholly unrelated to plaintiff's claims against Rock and Boll for failure to protect and retaliation.  Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied.  *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

6

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied in its entirety.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 32, 34) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

Dated: December 2, 2015

Thomas J. McAvoy
Senior, U.S. District Judge